UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| COLLEEN M. FLYNN, | ) |
|   Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) |
| ZWICKER AND ASSOCIATES, P.C. and | ) |
| GOLDMAN SACHS AND CO., LLC, D/B/A | ) |
| GOLDMAN SACHS BANK USA, | ) |
| | ) |
|   Defendants | ) |

**COMPLAINT – JURY TRIAL DEMANDED**

1. This is an action by an individual consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA") and Connecticut Unfair Trade Practices Act ("CUTPA"), C. G. S. § 42-110a, *et seq*.

**PARTIES**

2. Plaintiff, Collen M. Flynn ("Plaintiff"), is a Connecticut consumer and resident of Greenwich, Connecticut.

1

3. Upon information and belief and at all times relevant hereto, Defendant, Goldman Sachs and Co., LLC D/B/A Goldman Sachs Bank USA ("Goldman"), is and was an FDIC-member bank organized pursuant to the laws of the State of New York.

4. Upon information and belief and at all times relevant hereto, the principal purpose of Defendant, Zwicker and Associates, P.C. (or "Zwicker"), is the collection of debts using the Court system in the State of Connecticut and other states.

5. In fact, Zwicker regularly attempts to collect debts to be due to another, including consumer debts, in the State of Connecticut.

6. Upon information and belief, Defendant is a corporation organized pursuant to the laws of the Commonwealth of Massachusetts, with its principal place of business in Andover, Massachusetts.

**FACTUAL ALLEGATIONS**

7. On or about July 29, 2021, Goldman engaged Zwicker to represent it in a collection action in the Superior Court of Connecticut, Judicial District of Stamford.

8. Zwicker initiated litigation ("the litigation") against Plaintiff to recover monetary damages based upon Plaintiff's alleged default on a loan originated and serviced by Goldman.

9. The alleged debt was an unsecured, consumer debt.

10.     In connection with the litigation, an Affidavit was signed by Tanna Hicks, Legal Operations Analyst for Goldman Sachs Bank, USA.

11.     The Affidavit misrepresented the principal amount allegedly due on the alleged loan.

12.     The Affidavit was filed in the litigation.

13.     Other filings made by Zwicker on behalf of Goldman misrepresented the principal amount purportedly due on the alleged loan and contained other misrepresentations.

14.     At various junctures, Zwicker filed pleadings with the Court alleging that Plaintiff was in default of a payment order, using the same as a factual predicate to attempt to obtain a financial institution execution.

15.     In fact, no such payment Order was ever entered by the Court. In short, it did not and does not exist.

16.     In relevant part, 15 U.S.C. §1692 e (2)(A), states, "Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt." (See, 15 U.S.C. §1692 e(2)(A)).

17.     Zwicker violated 15 U.S.C. §1692 e(2)(A).

18.     As a proximate consequence of Zwicker's and Goldman's conduct, coupled with the acts described above, Plaintiff suffered an ascertainable economic loss, lost wages from

3

employment, incurred counsel fees, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

## CLAIMS FOR RELIEF

### Zwicker's Violations of 15 U.S.C. § 1692 e

19. Paragraphs 1-18 are re-alleged as if fully re-stated.

20. Zwicker violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

21. As a result of the above violation of the FDCPA, the Zwicker is liable to the Plaintiff for a declaratory judgment that the Zwicker's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

22. As a result of the above, Plaintiff suffered economic damages and an ascertainable economic loss.

### Zwicker's and Goldman's Violation of the Connecticut Unfair Trade Practices Act

23. Paragraphs 1-18 are re-alleged as if fully re-stated.

24. Zwicker's and Goldman's actions constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused ascertainable economic loss to the Plaintiff.

4

25. A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

26. By virtue of the aforesaid, Zwicker and Goldman have violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

WHEREFORE, the Plaintiff respectfully prays for the following relief:
1. A Declaratory Judgment that Zwicker's conduct violated the FDCPA and the Connecticut Unfair Trade Practices Act.
2. A Declaratory Judgment that Goldman's conduct violated the Connecticut Unfair Trade Practices Act.
3. An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq.*, as amended.
4. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
5. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
6. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
7. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).

By: _____
Roderick D. Woods, Esq.
Roderick D. Woods, P.C.
880 Third Avenue
Fifth Floor
New York, New York 10022
(212) 653-8754 (Tel.)
(212) 656-1555 (Fax)
Roderick.woods@rdw-law.com